UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADA ALBORS GONZALEZ,

      Plaintiff,

v.                                                          Case No.  4:20-cv-286-MW/MJF

JUAN ALBERTO ALBORS HERNANDEZ,
*et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Plaintiff's Eighth Amended Complaint. (Doc. 72). Because the District of Puerto Rico is the appropriate venue, the undersigned respectfully recommends that this case be transferred to the United States District Court for the District of Puerto Rico.[1]

## I. BACKGROUND

Plaintiff initiated this action on May 29, 2020, by filing a complaint against Defendants. (Doc. 1). On April 30, 2021, the undersigned notified Plaintiff of the deficiencies in her sixth amended complaint, including her allegations related to

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

venue, and provided her an opportunity to clarify her allegations. (Doc. 64). On June 8, 2021, Plaintiff filed her eighth amended complaint. (Doc. 72).

In Plaintiff's eighth amended complaint, Plaintiff alleges that Defendants jointly and fraudulently deprived her of her inheritance, in violation of the laws of Puerto Rico, Ohio, and Florida. (*Id.* at 11).

Plaintiff names as Defendants: (1) Juan Alberto Albors Hernandez; (2) Ada Monserrate Albors Hernandez; (3) Noriega Rodriguez Y Noriega Costas; (4) and the Juan H. Soto Sola Law Firm. (*Id.* at 2-3). Plaintiff alleges that each Defendant is a resident of Puerto Rico and is currently domiciled there. (*Id.*). Plaintiff currently is a resident of Florida.

According to Plaintiff, her paternal grandmother was Ada Luisa Hernandez Lamoutte ("Mrs. Hernandez Lamoutte") who died on or about September 26, 2002. (Doc. 72 at¶ 18). Mrs. Hernandez Lamoutte had three children: Defendant Ada Monserrate Albors Hernandez, Defendant Juan Alberto Albors Hernandez, and Plaintiff's father Luis Angel Albors Hernandez. (*Id.* at ¶ 19). Plaintiff's father died intestate on or about November 21, 1988. (*Id.* at ¶ 20).

On or about September 30, 2003, Plaintiff and her four siblings filed suit in the Puerto Rico Court of First Instance against Defendant Ada Monserrate Albors Hernandez and Defendant Juan Alberto Albors Hernandez. *Albors Sanchez v. Albors Hernandez*, No. KA03-6616. (*Id.* at ¶¶ 25-26). In that case, Plaintiff was represented

by Defendant Noriega. (*Id.* at ¶¶ 23-24). Plaintiff alleges that the lawsuit filed in the Puerto Rico Court of First Instance ended "after a simulated valid termination at a court hearing" and that "on or around May 11, 2009, . . . void final orders were rendered . . . in complete absence of jurisdiction." (Doc. 58 at ¶ 43).

In her sixth amended complaint, Plaintiff alleged that her grandmother, Mrs. Hernandez Lamoutte, made two wills. Plaintiff alleges that one of the wills was "unlawful" and that Defendants "concealed the supposed unlawful 'will' from probate proceedings at the Commonwealth of Puerto Rico." (*Id.* at ¶ 42).[2] Ultimately, Plaintiff alleges that during the course of the lawsuit in the Puerto Rico Court of First Instance, while they were in Puerto Rico, Defendants "with felonious and criminal intent made false statements" and "made the material misrepresentation of the fact to the Plaintiff that the court orders from the state action case KAC03-6616 were valid and enforceable." (Doc. 72 at ¶¶ 34-35).

It appears that Plaintiff is attempting to allege claims of tortious interference with an expectancy pursuant to the law of Puerto Rico, Ohio, and Florida. (*Id.* at 11); *Davidson v. Feuerherd*, 391 So. 2d 799, 801-21 (Fla. 2d Dist. Ct. App. 1980); *DeWitt*

---

[2] Although this court accepts as true Plaintiff's allegations, Defendant Ada Monserrate Albors Hernandez has presented documents from the previous civil case indicating that Plaintiff settled her claims with the Defendants for $125,000. (Doc. 46-1 at 23, 24).

*v. Duce*, 408 So. 2d 216, 218 (Fla. 1981). Plaintiff seeks damages in excess of $100,000.

## II. DISCUSSION

Plaintiff alleges in her eighth amended complaint that venue is proper in the Northern District of Florida because Defendants "are subject to personal jurisdiction in this jurisdiction in this district with respect to this action" and "because a substantial part of the events or omissions giving rise to the claim occurred were felt while the Plaintiff resides in the state of Florida." (Doc. 72 at 4) (grammatical and typographical errors in original). Essentially, Plaintiff invokes 28 U.S.C. § 1391(b)(2)-(3) to establish that venue is proper.

28 U.S.C. § 1391 "governs 'venue generally,' that is, in cases where a more specific venue provision does not apply." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the W.D. of Tex.*, 571 U.S. 49, 55 n.2 (2013). It provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A central purpose of the federal venue statute is to ensure that a defendant is not "haled into a remote district having no real relationship to the dispute." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). Venue provisions are intended "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979). In assessing the proper venue, therefore, courts generally "focus *on relevant activities of the defendant*, not of the plaintiff." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003) (quoting *Woodke*, 70 F.3d at 985) (emphasis added).

A.   **Section 1391(b)(2): A Substantial Part of the Events Giving Rise to Plaintiff's Claims Did Not Occur in the Northern District of Florida**

Plaintiff asserts that venue is proper in the Northern District of Florida because a substantial part of the events giving rise to her claims occurred in the Northern District of Florida. (Doc. 72 at 4). Based on the facts Plaintiff alleges in her eighth amended complaint, however, that is simply not true.

In assessing whether a "substantial part of the events or omissions giving rise to the claim occurred" in a particular judicial district, courts should consider "only those acts and omissions that have a close nexus to the wrong." *Jenkins Brick Co.*, 321 F.3d at 1371. When "material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close

nexus is lacking, so too is the substantiality necessary to support venue." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 433 (2d Cir. 2005) (citing *Jenkins Brick Co.*, 321 F.3d at 1372).

It is clear that a substantial part of the circumstances and events giving rise to Plaintiff's claims occurred in the District of Puerto Rico. For example:

- All Defendants reside in Puerto Rico. (Doc. 72 at 2-3).

- Plaintiff's paternal grandmother, Mrs. Hernandez Lamoutte, died in Puerto Rico. (*Id.* at ¶¶ 18, 29).

- Defendant Soto Law, which is based in Puerto Rico, acted as an attorney for Plaintiff's grandmother in Puerto Rico since approximately 1989. (Doc. 58 at ¶ 40)

- In Puerto Rico, Juan H. Soto of Defendant Soto Law Firm notarized the allegedly "unlawful will" purportedly signed by Plaintiff's grandmother. (*Id.*).

- Defendants purportedly "concealed the supposed unlawful 'will' from probate proceedings at the Commonwealth of Puerto Rico." (*Id.* at ¶ 42).

- On or about September 30 2003, Defendant Noriega, acting as counsel for Plaintiff, initiated case no. KAC03-6616 in the Court of First Instance

in San Juan, Puerto Rico by "filing a frivolous complaint and failed to secure the jurisdiction of the court." (Doc. 72 at 8; Doc. 58 at 12).

• Defendant Ada Monseratte Albors Hernandez, a resident of Mayaguez County, Puerto Rico, "is the only living party responsible as the executor of the entire estate and the person who was living with Plaintiff's grandmother at the time of death, who failed her fiduciary duty to file and initiate a probate proceeding, therefore, is liable to the Plaintiff pursuant" to Puerto Rico law. (Doc. 72 at ¶ 22).

• Defendant Noriega Rodriguez Y Noriega Costas misrepresented "the true facts" in case KAC03-6616 in the Court of First Instance in San Juan, Puerto Rico. (*Id.* at ¶ 30)

• Plaintiff allegedly relied on misrepresentations that Defendant Noriega Rodriguez Y Noriega Costas made in Puerto Rico in case KAC03-6616. (*Id.* at ¶ 31).

• In the Court of First Instance in San Juan, Puerto Rico, Defendants made false statements in case KAC03-6616. (*Id.* at ¶ 34).

• Apparently while located in Puerto Rico, Defendants made "material misrepresentation of fact to the Plaintiff that the court's orders from the state action KAC03-6616 were valid and enforceable." (*Id.* at ¶ 35).

- In Puerto Rico, a settlement conference was held on May 22, 2009. (Doc. 46-1 at 23). All parties, including Plaintiff were present. The parties reached a settlement agreement through which Defendants would pay Plaintiff and her siblings $125,000.00 each. (*Id.*).

- In Puerto Rico, on October 19, 2009, the Court of First Instance issued an Amended Judgment by Stipulation in which the court adopted the agreements reached during the Settlement Conference. (*Id.* at 24).

In an effort to overcome the obvious fact that most of the relevant events giving rise to her claims occurred in Puerto Rico, Plaintiff points to a few events—largely tangential to her claims—which occurred in Florida. These do not help Plaintiff.

Plaintiff first alleges that Defendants mailed legal documents from Puerto Rico to Plaintiff's then-residence in Winter Park, Florida. Winter Park, however, is located in the Middle District of Florida, not the Northern District of Florida. (Doc. 72 at ¶ 13). Thus, this fact indicates that venue is more properly in Puerto Rico—the place from which the Defendants mailed the documents—than the Northern District of Florida.

Second, Plaintiff alleges that she mailed several checks to Defendant Noriega Rodriquez Y Noriega Costas in Puerto Rico, and the checks were drawn on "the Plaintiff's state of Florida personal checking account." (*Id.* at ¶ 11). Plaintiff does not allege that the checks were drawn on a bank in the Northern District of Florida, only

that the account was a "state of Florida" account, whatever that means.  Furthermore, Plaintiff concedes that the checks were "cashed in Puerto Rico." (*Id.* at ¶ 12). This fact, therefore, to the extent it is even relevant to Plaintiff's claim, also indicates that venue would be proper in Puerto Rico insofar as that is the location to which Plaintiff mailed multiple checks to Defendant. Any tortious action on the part of Defendants relevant to these checks, therefore, occurred in Puerto Rico, not the Northern District of Florida.

Plaintiff has utterly failed to allege that substantial events or omissions occurred in the Northern District of Florida. At best, Plaintiff has alleged that one event occurred in the "state of Florida" generally and one in the Middle District of Florida. This is in stark contrast with the many acts and events which occurred in the District of Puerto Rico. Plaintiff has not established that the Northern District of Florida is an appropriate venue for this action.

**B.**   **<u>Section 1391(b)(3) Is Inapplicable to This Case</u>**

Perhaps realizing that she cannot establish venue in the Northern District of Florida pursuant to Section 1391(b)(2), Plaintiff also alleges that venue is proper in the Northern District pursuant to 28 U.S.C. § 1391(b)(3), because Defendants allegedly "are subject to personal jurisdiction in this jurisdiction." (Doc. 72 at 4). Plaintiff's mere conclusory assertions that Defendants are subject to jurisdiction in the Northern District will not suffice, however.  She has failed to allege sufficient facts to indicate that this court properly may exercise personal jurisdiction over Defendants. For that

reason alone, Plaintiff has failed to demonstrate that Section 1391(b)(3) makes the Northern District a proper venue for Plaintiff's claims.

More importantly, Plaintiff has ignored the introductory clause to subsection (b)(3): "*if there is no district in which an action may otherwise be brought* as provided in this section . . . ." 28 U.S.C. § 1391(b)(3) (emphasis added). Thus, venue is proper pursuant to section 1391(b)(3) "only if venue cannot be established in another district pursuant to any other venue provision . . . ." *Daniel*, 428 F.3d at 434; *Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996). But, as demonstrated above, there is another district in which an action may be brought pursuant to sections (b)(1) and (b)(2): the District of Puerto Rico. For that reason, subsection (b)(3) is inapplicable, and Plaintiff has failed to allege facts which indicate that venue is proper in the Northern District of Florida.

**C.    <u>This Action Should Be Transferred to the District of Puerto Rico</u>**

Section 1406(a) of Title 28 of the United States Code states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The decision whether a transfer under Section 1406 is in the "interest of justice" rests "within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Transfer is appropriate "when procedural

obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983). Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

As discussed above, the Northern District of Florida is not the proper venue for this action. Additionally, it appears that all Defendants reside in Puerto Rico, the majority of witnesses are located in Puerto Rico, and the majority of events giving rise to this action occurred in Puerto Rico. Notably, Defendants have submitted to the court documents written in the Spanish language, which were generated by a court in Puerto Rico and concern Puerto Rican law (Doc. 35). The District of Puerto Rico is better equipped to review Spanish-language documents and address issues of Puerto Rican law.

Taking into consideration the totality of the circumstances of this case, the undersigned concludes that the interest of justice would best be served by transferring this action to the District of Puerto Rico.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1.     This case be **TRANSFERRED** to the United States District Court for the District of Puerto Rico.

2.      The clerk of the court close this file.

**SO ORDERED** this <u>7th</u> day of July, 2021.

                          /s/ *Michael J. Frank*
                          **Michael J. Frank**
                          **United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**